IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARTHUR YOUNG,

    Plaintiff,

v.                                                                     No. 14-CV-837 MCA/LAM

WHATABURGER
RESTAURANTS, L.P.

    Defendant.

## **ORDER**

THIS MATTER comes before the Court *sua sponte*. A federal court must *sua sponte* determine whether it has subject matter jurisdiction over a case. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Defendant removed this action to this Court from the Second Judicial District Court, County of Bernalillo, State of New Mexico. [Doc. 1, ¶ 1] Defendant asserts this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy is greater than $75,000. [Doc. 13, ¶¶ 1-4, 7] Defendant submits that Plaintiff has demanded in excess of $75,000 in damages, and the Court concludes that based on the allegations of the Complaint and the additional evidence submitted by Defendant the jurisdictional amount in controversy has been established. *McPhail v. Deere & Co.*, 529 F.3d 947, 955-56 (10th Cir. 2008). [Doc. 1, ¶ 3; Doc. 1-1 ¶¶ 25, 32, 37; Doc. 1-2, ¶¶ 3-4; Doc. 1-2, ¶ 2]

Next, Defendant submits evidence that Plaintiff is a citizen of New Mexico. [Doc. 1-2, ¶ 6] Further, Defendant submits that it is "a limited partnership organized under the law of Texas, with its principal place of business in San Antonio, Texas." [Doc. 1, ¶ 4] The citizenship of a limited partnership, for purposes of diversity jurisdiction, is the citizenship of each of its general and limited partners. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990); *Penteco Corp. Ltd. P'ship-1985A v. Union Gas Sys. Inc.*, 929 F.2d 1519, 1521-23 (10th Cir. 1991).

Defendant has not submitted to the Court sufficient allegations or evidence to establish the citizenship of Defendant Whataburger Restaurants, L.P. The Court grants Defendant leave to file an Amended Notice of Removal correctly identifying the citizenship of Defendant. *See Jenkins v. MTGLQ Investors,* 218 Fed.Appx. 719, 723 (10th Cir. 2007) (unpublished decision) (granting motion to amend notice of removal for purposes of determining diversity of citizenship of limited partner).

WHEREFORE, IT IS HEREBY ORDERED that within 14 days Defendant shall submit to the Court an Amended Notice of Removal with sufficient allegations and evidentiary support for the Court to determine the citizenship of Defendant, Whataburger Restaurants, L.P.

SO ORDERED this 14th day of November, 2014 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief Judge, United States District Court